UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. LYNN SCHOENMANN,<br><br>    Plaintiff and Appellee,<br><br>v.<br><br>CARMEL FINANCING LLC,<br><br>    Defendant and Appellant. | Case No. 19-cv-06895-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL**<br><br>Re: Dkt. No. 1 |

Appellant Carmel Financing LLC ("Carmel") seeks leave to appeal the September 5, 2019 decision of the Hon. Dennis Montali of the United States Bankruptcy Court for the Northern District of California denying in part Carmel's motion to dismiss in an adversary proceeding. *See* Motion for Leave to Appeal Interlocutory Order ("Mot.") [Dkt. No. 1-4]; *see also id.*, Ex. B ("Bankruptcy Decision") [Dkt. No. 1-4] 1. Interlocutory review pursuant to 28 U.S.C. § 158(a)(3) is not warranted because Carmel has not shown that there is a substantial ground for difference of opinion concerning Judge Montali's order. Accordingly, I DENY Carmel's leave to appeal.

## BACKGROUND

### I.    PROCEDURAL BACKGROUND

On April 7, 2019, plaintiff E. Lynn Schoenmann, chapter 7 trustee ("Trustee") of the chapter 7 estate of Mayacamas Holdings LLC ("Debtor"), initiated an adversary proceeding in the United States Bankruptcy Court for the Northern District of California. *See* Bankruptcy Decision at 1. She named 23 defendants, including defendant Carmel, in her Complaint. *Id.* at 1-2. Carmel moved to dismiss the adversary proceedings for failure to state a claim upon which relief can be granted. *Id.* at 2. Judge Montali denied the motion in part and granted it in part. *Id.*; *see* Mot., Ex. A.

1 Carmel then filed a motion for leave to appeal Judge Montali's interlocutory order, which Trustee opposed. *See* Response of Appellee E. Lynn Schoenmann, Chapter 7 Trustee, to Motion of Appellant Carmel Financing, LLC, for Leave to Appeal Interlocutory Order and Declaration of Thomas F. Koegel in Support ("Oppo.") [Dkt. No. 1-4]. The pending motion for leave is now before me.[1]

## II. FACTUAL BACKGROUND

On April 10, 2014, Debtor executed a promissory note in the principal amount of $2,000,000 to the order of Carmel; it was secured by a first priority deed of trust encumbering property located in eastern Sonoma County (the "Ranch Parcel"). Bankruptcy Decision at 2. On April 7, 2017, Debtor filed a chapter 11 petition and listed the Ranch Parcel as its principal asset. *Id.* Trustee was appointed as the chapter 11 trustee on October 4, 2017, and the case was converted to chapter 7 on December 5, 2017. *Id.*

On October 8, 2017, four days after the appointment of Trustee, the Tubbs Fire erupted and caused significant damage to the Ranch Parcel. *Id.* As a result, Trustee received more than $2 million from Debtor's insurance carrier for damages to the Ranch Parcel caused by the Tubbs Fire (the "insurance proceeds"). *Id.* Except for a court-approved expenditure of $418,541.50 for post-fire clean-up required by law, Trustee continues to hold the insurance proceeds, which equaled $1,695,727.26 as of the commencement of the adversary proceedings. *Id.* at 3.

In her Complaint, Trustee asserted that the chapter 7 estate, and not Carmel, is entitled to the insurance proceeds because the insurance policy does not mention Carmel or identify it as an additional loss payee. Bankruptcy Decision at 3. She also alleged that Carmel did not notify the insurer that it should be added as a loss payee on the policy in accordance with California law. *Id.*; *see* Cal. Comm. Code § 9312(b)(4) (governing the creation and perfection of security interests in insurance policies).

Carmel contended in its motion to dismiss that the remaining insurance proceeds should be

---

[1] This appeal was originally referred to the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") but has now been transferred to this court. *See* Notice of Appeal and Statement of Election [Dkt. No. 1-1]; Notice of Transfer of Appeal to District Court [Dkt. No. 2].

2

turned over to it under the promissory note and deed of trust. Bankruptcy Decision at 2-3. Carmel argued that its "status as a secured creditor on the [Ranch Parcel] means that it holds a perfected security interest in the Insurance Proceeds since it cannot be disputed that the Insurance Proceeds are the identifiable cash proceeds of that real estate collateral." *Id.* at 9 (internal quotation marks and citation omitted).

Judge Montali denied Carmel's motion to dismiss Trustee's insurance proceeds claims; Carmel seeks leave to appeal that portion of decision.[2] He gave four reasons for his decision. First, he emphasized that the Uniform Commercial Code ("UCC") defines "security interest" as "an interest *in personal property or fixtures* that secures payment or performance of an obligation." Bankruptcy Decision at 10 (emphasis in original) (quoting Cal. Comm. Code § 1201(35)). He found that Carmel did not provide any evidence that, prior to the petition date, it perfected a security interest in any personal property or fixtures of Debtor, either by filing a financing statement or taking possession of such property as required by the UCC. *Id.*; *see* Cal. Comm. Code §§ 9310(a), (b)(6); Cal. Comm. Code § 9315(c).

Second, Judge Montali pointed out that the UCC defines "proceeds" as "disposition of collateral," and, as indicated in Cal. Comm. Code § 9109(c)(11), real property is not "collateral" that is governed by the UCC. Bankruptcy Decision at 10. Third, he found that Carmel did not provide any written notification to the insurer that it should be added as a loss payee to the policy, as required by California's version of the UCC. *Id.* at 11. Fourth, he held that California law "does not permit a mortgagee who has not been named as an insured (or who has not provided written notification of its security interest in the policy) to recover insurance proceeds relating to claims of damage to the mortgaged property." *Id.* (citing *Zaghi v. State Farm Gen. Ins. Co.*, 77 F. Supp. 3d 974, 977 (N.D. Cal. 2015)). Judge Montali concluded that Trustee sufficiently stated a claim relating to the insurance proceeds. *Id.* at 12.

---

[2] The Complaint and Carmel's motion to dismiss also dealt with a separate issue relating to the enforceability of a default interest provision in the promissory note; that issue was decided in Carmel's favor and it is not the subject of this appeal. *See* Mot 3; Bankruptcy Decision 8-9.

3

**LEGAL STANDARD**

Appeals from decisions of the bankruptcy court are governed by 28 U.S.C. § 158. Subdivision (a)(3) permits appeals to district courts of interlocutory bankruptcy orders and decrees, "with leave of court." *See* 28 U.S.C. § 158(a)(3). To determine whether leave to appeal an interlocutory order is warranted under section 158(a)(3), the court may look to the analogous provisions of 28 U.S.C. § 1292(b), which govern appellate review by the courts of appeals of interlocutory district court orders. *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). Under this standard, leave to appeal is proper where "the appeal presents a meritorious issue on a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* at 858 (citation omitted). "Interlocutory appeals are intended to be rare and used only in 'exceptional circumstances.'" *Greenspan v. Orrick, Herrington & Sutcliffe LLP*, No. C 09-4256 CRB, 2010 WL 3448240, at *1 (N.D. Cal. Sept. 1, 2010) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

**DISCUSSION**

Carmel argues that Judge Montali addressed only one of the two arguments it presented in its motion to dismiss Trustee's Complaint. Mot. 2. It contended that "(1) under familiar principles of the so-called 'Bankruptcy Freeze,' [Carmel] is entitled to the insurance proceeds, since [Carmel's] security interest in the real estate was undisputedly perfected on the Petition Date, and the Insurance Proceeds, being the cash proceeds of the destroyed real property collateral, was merely a post-petition change in form of the collateral. Under the Bankruptcy Freeze, that change in form does not affect the perfected status of [Carmel's] security interest; and (2) [Carmel's] security interest in the Insurance Proceeds was perfected under the [UCC] as identifiable cash proceeds of its real estate collateral." *Id.* It claims that Judge Montali's order only addressed its UCC arguments but did not address the Bankruptcy Freeze argument. *Id.* at 3.

In support of its Bankruptcy Freeze argument, Carmel cites *In re Wind Power Systems, Inc.*, 841 F.2d 288, 292 (9th Cir.1988), where the Ninth Circuit held that 11 U.S.C. § 544 "preserves within the bankruptcy proceeding the equities among creditors that existed

4

outside bankruptcy. It freezes the relative positions of secured and unsecured creditors at the time of the filing, reducing the incentive to file a strategic bankruptcy petition, and awarding the diligent creditor." Mot. 6.

While the Bankruptcy Freeze argument may contain a controlling question of law, I cannot conclude based on the papers before me that there is a substantial ground for difference of opinion. Carmel cites the general principles of Bankruptcy Freeze but has failed to cite to analogous case law indicating that judges have come to different conclusions on the Bankruptcy Freeze concept as applied to the circumstances in this case. Such a showing could reflect substantial ground for difference of opinion.

Instead, both Carmel and Trustee appear to agree that the issue is one of first impression, "which by definition cannot be subject to a split in the case law." *Greenspan*, 2010 WL 3448240, at *1. Carmel suggests that precisely because the issue in question is novel and complex, a substantial ground for difference of opinion exists. *See* Mot 4 (arguing that "there surprisingly appears to be no case on point" on the Bankruptcy Freeze issue presented in this case). But "novelty on its own is insufficient;" Carmel must "go beyond the issue of novelty and make a showing that a substantial ground for difference of opinion exists." *Greenspan*, 2010 WL 3448240, at *1; *see, e.g.*, *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2009 WL 1817007, at *2 (N.D. Cal. June 25, 2009) (denying defendant's motion to certify for interlocutory appeal because it failed to show that there is a substantial ground for a difference of opinion as there was no case law on the relevant legal issue before the court).

As Trustee points out in her opposition, no California court has addressed Carmel's position on this appeal – that a creditor secured in real property automatically obtains a perfected security interest in an insurance policy and in insurance proceeds without need of any further action. Oppo. 2. Instead, Judge Montali's opinion addressed Carmel's UCC argument and through statutory interpretation provided four independent reasons why the California statutes themselves bar Carmel's argument. *See* Bankruptcy Decision 10-12. Carmel has shown that the Bankruptcy Freeze legal question at issue is novel, but that does not mean that there is necessarily a substantial ground for difference of opinion on that legal question. Accordingly, its motion for

5

leave to appeal the interlocutory order is DENIED.

## CONCLUSION

For the reasons set forth above, the motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) is DENIED. The appeal is hereby dismissed. This order terminates the case and all pending motions on this court's docket.

**IT IS SO ORDERED.**

Dated: January 8, 2020

William H. Orrick
United States District Judge